UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF:

CASE No. 8:18-cv-191-T-30TGW

THE COMPLAINT OF A.B.K.
ENTERPRISES, INC. AS OWNER
AND TROPICAL BREEZE CASINO
CRUZ, LLC, AS OWNER *PRO HAC
VICE* OF THE *ISLAND LADY*
(U.S. ON 1020747),
IN A CAUSE OF EXONERATION
FROM OR LIMITATION
OF LIABILITY,

Petitioners.

---

## REPORT AND RECOMMENDATION

This cause came on to be heard upon the Petitioners' Motion to Dismiss Robert Boose's claim for Violation of Mediation Confidentiality Rules and Incorporated Memorandum of Law (Doc. 164), and claimant Robert Boose's response thereto (Doc. 165). The petitioners, A.B.K. Enterprises, Inc. and Tropical Breeze Casino Cruz, LLC, seek to dismiss claimant, Robert Boose's claims in this case based on his violation of the mediation confidentiality rules (Doc. 164). The claimant admits he violated

the mediation confidentiality rules, but opposes the dismissal of his claims as a sanction (Doc. 165).

Upon consideration of the petitioners' motion and argument at the hearing, I recommend that the petitioners' motion be denied.

I.

On January 22, 2018, the petitioners, A.B.K. Enterprises, Inc. (A.B.K.) and Tropical Breeze Casino Cruz, LLC (Tropical Breeze), filed a complaint pursuant to Supplemental Rule F of the Federal Rules of Civil Procedure for exoneration and limitation of liability regarding the vessel, Island Lady (Doc. 1).

A.B.K. was the owner of the vessel with its principal place of business in Port Richey, Florida (id., p. 1, ¶3). Tropical Breeze managed and operated the vessel (id., ¶4). As owner *pro hac vice* of the vessel, Tropical Breeze was in charge of repairs, maintenance, and operation of the vessel (id., p. 2, ¶5).

The vessel was "a 72-foot inspected passenger vessel" and was a "seagoing vessel per 46 U.S.C. § 30506(a)" (id., ¶8). The vessel was a casino-shuttle boat (Doc. 165, p. 2). On January 14, 2018, an "[i]ncident

involved a fire" occurred on the vessel, resulting in various injuries of passengers on the vessel and "total loss of the [v]essel" (Doc. 1, p. 2, ¶¶ 9, 10).

According to the complaint, the petitioners alleged that the "[i]ncident and any ensuing property loss, damages, personal injury and/or casualty were not caused by [p]etitioners' fault, or any person for whose actions [p]etitioners are responsible" (id., ¶12). The petitioners further alleged that neither they "nor the [v]essel are liable to any extent, and [p]etitioners are entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the [i]ncident" (id., pp. 2-3, ¶12). According to the complaint, the "value of the [v]essel is zero" (id., p. 3, ¶14).

On the same date of the filing of the complaint, the petitioners also filed an *Ad Interim* Stipulation for Costs and Value regarding the value of their interest in an amount of $27,300.00 (Doc. 2). Thereafter, various claimants filed Answers in response to the petitioners' complaint (see, e.g., Docs. 16, 19, 22, 34). On March 19, 2018, claimant Robert Boose filed his Answer, Affirmative Defenses and Claims in response to the petitioners'

complaint (Doc. 33). Claimant Boose was a passenger on the vessel and suffered injuries after jumping off the vessel to save his life from the fire (Doc. 165-1, p. 1, ¶2). Claimant Boose sought various relief including lost wages and medical expenses due to the injuries he incurred as a result of the incident (Doc. 33, pp. 11-12).

On April 30, 2018, an Order was entered referring the case to mediation and the parties were to mediate by June 29, 2018 (Dkt. Entry 97). Thereafter, the parties were permitted to conduct limited discovery and the mediation date was extended until September 28, 2018 (Dkt. Entry 99). On September 18, 2018, the twenty-four parties to the case participated in a mediation conference (Doc. 164, p. 1).

The following day, on September 19, 2018, the petitioners filed a motion to dismiss Boose's claims pursuant to F.R.Civ.P. 41(b) due to Boose's violation of the mediation confidentiality rules (Doc. 164). In particular, the petitioners assert that after the mediation, in violation of Local Rule 9.07(b) regarding mediation, Boose made "deliberate and willful statements to the News regarding mediation and [p]etitioners' settlement offer, which was ultimately broadcast to residents in nine counties and

-4-

published on the internet" (id., pp. 1, 3). Thus, the petitioners explain that "Boose made statements to WFLA Local News Channel 8 ... regarding the exact amount of the settlement offer made to him by [p]etitioners during mediation" (id., p. 2). The statements made by Boose "were video-recorded and aired on the News' evening broadcasts on September 18, 2018, beginning at 5 p.m." (id.). The petitioners assert that "[n]o sanction short of dismissal would adequately admonish Boose for his complete willful violation of, and disregard for, this Court's confidentiality rules, deter similar conduct by others in the future, and restore respect for the Court's authority and alternative dispute resolution program" (id., p. 3).

Boose, who is seventy-five, has responded and admits to making the statements (Doc. 165). According to his response and declaration, Boose was "caught off guard by the questioning" when he was approached by news reporter, Jamel Lannee from Channel 8 News (id., p. 3; Doc. 165-1, p. 1, ¶4, p. 2, ¶7). Boose declares that he "trusted the reporter from talking to her [on a previous occasion regarding the incident] and [he] did not fully think through talking to her again" (Doc. 165-1, p. 2, ¶7). Boose states that "it just felt like a normal conversation" (id.). Boose submits that he is "truly sorry

for speaking to the reporter" and "[he] had no intention of disrespecting this Court or the mediation process" (id., ¶8).

In support of his argument, Boose asserts that Local Rule 9.07(b) is not applicable because it is an evidentiary rule and "his discussion of the mediation did not occur in a legal filing or during a formal proceeding" (Doc. 165, pp. 1, 4). Boose also argues that his actions were an "isolated incident" and therefore, the sanction of dismissal of his claims is not warranted under these circumstances (id., pp. 4-8).

The matter was then referred to me (see Dkt. Entry 10/12/2018). Thereafter, on October 30, 2018, a hearing was held on the petitioners' motion (Doc. 171). I entered an Order denying the petitioners' motion (Doc. 173). Subsequently, the petitioners filed objections to my Order (Doc. 178). Boose filed a response to the objections (Doc. 179). Thereafter, District Judge James S. Moody, Jr., entered an Order requesting that a Report and Recommendation be issued on the petitioners' motion to dismiss (Doc. 185). Consequently, only the issues raised in the petitioners' motion and argued at the hearing will be addressed.

## II.

As indicated, the petitioners seek to dismiss Boose's claims as

a sanction under F.R.Civ.P. 41(b).

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with
> these rules or a court order, a defendant may move
> to dismiss the action or any claim against it.
> Unless the dismissal order states otherwise, a
> dismissal under this subdivision (b) and any
> dismissal not under this rule—except one for lack of
> jurisdiction, improper venue, or failure to join a
> party under Rule 19—operates as an adjudication on
> the merits.

Courts possess the inherent power to impose reasonable and

appropriate sanctions in order to protect the orderly administration of justice

and to preserve the dignity of the tribunal. Chambers v. NASCO, Inc., 501

U.S. 32, 43 (1991); Martin v. Automobili Lamborghini Exclusive, Inc., 307

F.3d 1332, 1335 (11th Cir. 2002); see also Link v. Wabash Railroad Co., 370

U.S. 626, 630-31 (1962) (courts have "inherent power" to dismiss for lack of

prosecution that is "governed ... by the control necessarily vested in courts to

manage their own affairs so as to achieve the orderly and expeditious

disposition of cases"). The inherent power of a court can be invoked even if

procedural rules exist which sanction the same conduct. <u>Chambers</u> v. <u>NASCO, Inc.</u>, <u>supra</u>, 501 U.S. at 49. However, because of their potent nature, "inherent powers must be exercised with restraint and discretion." <u>Id</u>. at 44.

Rule 41(b) also "authorizes a district court, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule." <u>Jones</u> v. <u>Graham</u>, 709 F.2d. 1457, 58 (11th Cir. 1983); <u>see</u> <u>Kilgo</u> v. <u>Ricks</u>, 983 F.2d 189, 192 (11th Cir. 1993) ("A district court has authority under Federal Rule Civil Procedure 41(b) to dismiss actions for failure to comply with local rules."). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice." <u>Jones</u> v. <u>Graham</u>, <u>supra</u>, 709 F.2d at 1458, <u>quoting</u> <u>Hildebrand</u> v. <u>Honeywell, Inc.</u>, 622 F.2d 179, 181 (5th Cir. 1980). Therefore, "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." <u>Goforth</u> v. <u>Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985); <u>Jones</u> v. <u>Graham</u>, <u>supra</u>. Thus, dismissal is used only in extreme situations because "the court has a wide range of lesser sanctions." <u>Brown</u> v. <u>Thompson</u>, 430 F.2d 1214, 1216 (5th Cir. 1970). Consequently, the drastic remedy of dismissal is "to be used

only in those situations where a lesser sanction would not better serve the interests of justice." <u>Brown</u> v. <u>Thompson</u>, <u>supra</u>.

In support of their argument, the petitioners assert that Boose violated Local Rule 9.07(b) when he talked to the news reporter (Doc. 164, pp. 1-2). Boose counters that Local Rule 9.07(b) is an evidentiary rule and "his discussion of the mediation did not occur in a legal filing or during a formal legal proceeding" (Doc. 165, p. 1).

Local Rule 9.07(b) states:

> **Restrictions on the Use of Information Derived During the Mediation Conference:** All proceedings of the mediation conference, including statements made by any party, attorney, or other participant, are privileged in all respects. The proceedings may not be reported, recorded, placed into evidence, made known to the trial court or jury, or construed for any purpose as an admission against interest. A party is not bound by anything said or done at the conference, unless a settlement is reached.

There is no question that Boose in talking to the news reporter about the settlement offer violated the confidentiality rules with respect to the mediation. Indeed, at the hearing, Boose's counsel apologized to the court saying that "I'm entirely sorry that this happened" (Doc. 176, p. 11).

Further, Boose's counsel was agreeable to some sort of sanction saying (id., pp. 11-12):

> I've been thinking of stronger admonishments I might be able to give as well. So regardless, you know, this is something that we hate to see happen and I just wanted to let the Court know that.

The question, therefore, is what is an appropriate sanction, if any? As indicated, after a party commits an act that is sanctionable, the next step is for the court to make a determination of whether a lesser sanction would suffice before imposing the sanction of last resort of a dismissal. See Jones v. Graham, supra. Failure to make such a finding is reversible error. See World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1457 (11th Cir. 1995) (district court committed error in dismissing the complaint when it did not make a finding regarding second prong of Eleventh Circuit's standard in determining if a lesser sanction short of dismissal would suffice).

In this respect, despite being given a repeated opportunity at the hearing, counsel for the petitioners could not offer a meaningful argument on the type of an appropriate lesser sanction to be imposed for Boose's violation of the confidentiality of the mediation. Thus, at the hearing, when discussing

-10-

whether counsel could offer a lesser viable sanction, counsel responded (Doc.

176, pp. 10-11):

> Short of dismissal, I'm not sure what the Court
> would be inclined to do as far as a sanction and
> striking the pleadings, affirmative defenses. I'm not
> - - I haven't necessarily prepared to argue on an
> alternative sanction...

Therefore, petitioners' counsel could not provide a meaningful argument on

a lesser sanction.  Here, while Boose should not have talked to the news

reporter after mediation, it is not particularly egregious conduct.  It was a one

time incident that occurred when his counsel was not present.

It is the petitioners' motion, and, at the hearing, counsel could

not provide a meaningful suggestion of an appropriate lesser sanction short

of dismissal.   Therefore, without a suggested lesser sanction, and

consequently, a lack of consideration of other viable sanctions, it is not

appropriate to dismiss Boose from the case. See World Thrust Films, Inc. v.

International Family Entertainment, Inc., supra; Goforth v. Owens, supra,

("[d]ismissal of a case with prejudice is considered a sanction of last resort,

applicable only in extreme circumstances."); Brown v. Thompson, supra,

(dismissal is "to be used only in those situations where a lesser sanction

would not better serve the interests of justice."); <u>Abrams-Jackson</u>, v. <u>Avossa</u>, 282 F.Supp.3d 1268, 1273-74 (S.D. Fla. 2017) (dismissal of case was "simply too harsh a sanction" where plaintiff's counsel "acted improperly and in bad faith...violated a Local Rule and Florida statute by filing the confidential mediation statement in the public record"). Further, because the petitioners filed the motion and could not provide a meaningful argument with respect to an appropriate sanction to be imposed, it is appropriate to deny their motion.

It also worth mentioning that at the hearing, petitioners' counsel raised her "suspicion" that Boose is the one that contacted the news reporter regarding the mediation (Doc. 176, pp. 5-6). However, counsel admitted that she has "nothing to prove that either way, that's [her] suspicion" (<u>id.</u>, p. 6). Of course, counsel's suspicion clearly is not evidence and there was no proof submitted at the hearing that Boose contacted the news reporter. Even assuming Boose contacted the news reporter (and I am not suggesting he did), that still leaves the unanswered question of an appropriate lesser sanction. The petitioners have not provided a meaningful argument in that regard.

III.

For the foregoing reasons, I recommend that the Petitioners' Motion to Dismiss Robert Boose's claim for Violation of Mediation Confidentiality Rules and Incorporated Memorandum of Law (Doc. 164) be denied.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: February 12, 2019

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.